# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                                  **CASE NO. 18-3202-SAC**

**ZACHARY ZIMMERMAN, et al.,**

    **Defendants.**

## ORDER

Plaintiff Albert L. Brinkman is a state prisoner housed at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has filed a motion to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.* The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical

---

[1] *See Brinkman v. Norwood*, Case No. 18-3009-SAC; *Brinkman v. Ryan*, Case No. 4:17-cv-00359-FRZ-PSOT, Doc. 6 (D. Ariz. Sept. 29, 2017).

harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The prisoner "should identify at least the general nature of the serious physical injury he asserts is imminent," and "should make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *Id*. (quoting *Hafed*, 635 F.3d at 1180). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).

Plaintiff's Complaint alleges that Defendant Zimmerman, a CO at EDCF, and Defendant Graves, legal counsel at Hutchinson Correctional Facility, are refusing to accommodate his disability, refusing him access to programs, ignoring medical orders, denying him recreation and religious practices, denying equal protection, and openly discriminating against Plaintiff based on his disabilities. Plaintiff alleges that these actions inflict "imminent danger of falls, broken bones, other serious physical injury, when refusing crutch, and front cuffing." (Doc. 1, at 2.) Plaintiff alleges that on August 1, 2018, Defendant Zimmerman's actions denied Plaintiff a religious holiday, a shower, recreation, and safe restraint.

Plaintiff's claims in this case are similar to the claims he asserted in *Brinkman v. Norwood*, Case No. 18-3009; and *Brinkman v. Norwood*, Case No. 18-3136. The Court dismissed Case No. 18-3009 for failure to pay the filing fee, finding that Plaintiff was a three-strikes litigant and failed to show imminent danger of serious physical injury. The Court also issued an Order in Case No. 18-3009, finding that Plaintiff's allegations do not meet the imminent danger exception, denying Plaintiff's motion for leave to proceed in forma pauperis, and directing Plaintiff to submit the $400 filing fee for that case.

The Court has examined the Complaint[2] and finds that Plaintiff has failed to establish a threat of imminent danger of serious physical injury. The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

"[A]llegations of past misconduct of defendants and even of past injury to plaintiff are insufficient to allow a three-striker to proceed IFP." *Id*. (citation omitted). "When the reason that the plaintiff speculates he is in danger of future harm is a pattern of past harassment, he still must show that danger was imminent at the time he filed his complaint." *Id*. (citation omitted). "[E]ven specific examples of being denied health care in the past are not sufficient to satisfy the imminent danger exception under § 1915(g)." *Id*. at *3. (citation omitted). The allegations of imminent physical danger must be plausible and credible. *Id*.

Plaintiff's vague and utterly conclusory assertions do not meet the imminent danger exception. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $400.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed

---

[2] The Court was forced to search Plaintiff's Complaint for allegations of imminent danger of serious physical injury. The Court notes that Plaintiff should have attached an affidavit to his motion to proceed in forma pauperis, containing only those facts relevant to make the showing of imminent danger of serious physical injury. *See Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *1–2 (D. Kan. Aug. 22, 2011).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 24, 2018,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated on this 24th day of August, 2018, in Topeka, Kansas.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U. S. Senior District Judge**