# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                                          **CASE NO. 18-3202-SAC**

**ZACHARY ZIMMERMAN, et al.,**

    **Defendants.**

## ORDER

Plaintiff Albert L. Brinkman is a state prisoner housed at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). Plaintiff brings this pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. On August 24, 2018, the Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed in forma pauperis and ordering him to pay the filing fee for this case by September 24, 2018. This matter is before the Court on Plaintiff's Motion to Correct Error (Doc. 6); Motions to Supplement Motion for Leave to Proceed In Forma Pauperis (Docs. 7, 8, and 11), and Motion Requesting Withdrawal (Doc. 10).

Plaintiff's motion to correct error seeks to correct the caption of his motion at Doc. 4, because he used a form from the District of Arizona. Plaintiff seeks to strike "Arizona" from the caption and to replace it with "Kansas." Because the Court has already ruled on Plaintiff's motion at Doc. 4, the request to correct the caption is moot.

Plaintiff also seeks to supplement his motion for leave to proceed in forma pauperis. The Court has denied Plaintiff's motion to proceed in forma pauperis, nevertheless, the Court will allow Plaintiff to supplement the motion in light of his motion to reconsider at Doc. 9.

Plaintiff has also filed a motion requesting that the undersigned be "withdrawn from the case," and to "change judges on this case." (Doc. 10.) Plaintiff's motion is not a proper motion to recuse and Plaintiff sets forth no facts or arguments as to why recusal would be warranted. There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id.* at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id.* Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v.*

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no

legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to withdraw is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Correct Error (Doc. 6) is moot and therefore **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Supplement Motion for Leave to Proceed In Forma Pauperis (Docs. 7, 8, and 11) are **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Withdrawal (Doc. 10) is **denied**.

**IT IS SO ORDERED**.

**Dated on this 7th day of December, 2018, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**