# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALBERT L. BRINKMAN,**

    **Plaintiff,**

    v.                            **CASE NO. 18-3202-SAC**

**ZACHARY ZIMMERMAN, et al.,**

    **Defendants.**

## ORDER

On December 14, 2018, the Court entered a Statement Noting a Party's Death (Doc. 14), noting the death during the pendency of this action of Plaintiff Albert L. Brinkman on November 20, 2018. The Court noted that pursuant to Rule 25(a)(1), a motion for substitution may be made by any party or by the Plaintiff's successor or representative; and if no motion is made within ninety (90) days the action will be dismissed.

There has been no motion for substitution filed since the filing of the Statement Noting a Party's Death. However, fellow inmate Patrick C. Lynn filed a "Motion for Joinder of Parties and Lead Plaintiff Substitution" (Doc. 17), seeking to join this action under Fed. R. Civ. P. 20(a)(1)(A) and (B). Rule 20(a) provides that:

> (1) **Plaintiffs.** Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A) and (B). Lynn claims that he has "the same claims against the same defendants, & the same questions of law & fact" as those asserted in the instant case. However, nothing in Lynn's motion suggests that his claims are with respect to or arising out of the "same transaction, occurrence, or series of transactions or occurrences." Although both Plaintiff and

1

Lynn are dissatisfied with their medical care and accommodations, nothing suggests that they were involved in the same incident or occurrence. They suffer from different medical issues and alleged disabilities. For example, Plaintiff claims his medical orders to be "front-cuffed" only are not being followed and that he is being denied the use of a crutch, while Lynn complaints about his heart medication not being "kept on person" and about the requirement that he "squat and bend over" as part of the strip-out procedure. Plaintiff also makes religious freedom claims regarding his Wiccan religion.

The instant case has not passed screening, the filing fee has not been paid, and no defendants have been served. Both Plaintiff and Lynn are subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Accordingly, neither may proceed in forma pauperis unless they establish a threat of imminent danger of serious physical injury. The Court notes that Lynn has a pending case dealing with his claims. *See Lynn v. Cline*, 19-3003-CM (D. Kan.). Lynn's motion to join in this action is denied. The Court finds that this matter may be dismissed as contemplated by Fed. R. Civ. P. 25(a).

In the Court's Order (Doc. 5) granting in part Plaintiff's Emergency Motion for Preliminary Injunction/Temporary Restraining Order, the Court ordered Defendants to refrain from destroying Plaintiff's religious items pending further order of the Court. The Court noted that in the event Plaintiff's cases pending before the Court are dismissed, the Court will no longer enjoin Defendants regarding the religious items. In light of the dismissal of this case, as well as Plaintiff's other pending case (18-3246), the Court is no longer enjoining Defendants regarding the religious items.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS FURTHER ORDERED** that Patrick C. Lynn's "Motion for Joinder of Parties and Lead Plaintiff Substitution" (Doc. 17) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to reconsider (Doc. 9) is moot and therefore **denied.**

**IT IS FURTHER ORDERED** that Defendants are no longer enjoined regarding destruction of Plaintiff's religious items.

The Clerk is directed to send a copy of this Order to Defendant Jon Graves, Legal Counsel.

**IT IS SO ORDERED**.

**Dated on this 15th day of March, 2019, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**